IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00112-MR

JONATHAN ANTHONY LEE TORRES,   )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
NORTH CAROLINA DEPARTMENT      )     **MEMORANDUM OF**
OF PUBLIC SAFETY, et al.,      )     **DECISION AND ORDER**
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

On April 12, 2024, the pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 and North Carolina law addressing incidents that allegedly occurred at the Marion Correctional Institution.[1]  [Doc. 1].

The Plaintiff names as Defendants: the North Carolina Department of Public Safety Adult Corrections ("NCDPS"); Jeffery S. McGhee, the Western Regional Director of NCDPS; and the following staff at the Marion CI: Robert

---

[1] The Plaintiff was no longer incarcerated when he initiated this action; his present address of record is at a private residence in South Carolina.

Brett Bullis, an assistant superintendent of operations and custody; Douglas Newton, Toni L. Banks, and Eric Wilson, correctional captains; Thomas Hamilton, a correctional lieutenant; Mark Stancil, a correctional sergeant; and Jesse Clark and Micheal Cheek, correctional officers.[2]

The Plaintiff asserts claims for "SUPERVISOR LIABILITY; DELIBERATE INDIFFERENCE; STATE CLAIMS OF NEGLIGENCE; INTENTIONL INFLICTION OF EMOTIONAL DISTRESS." [Id. at 7]. Specifically, he alleges that Defendants Clark, Stancil, and Cheek failed to intervene when officers used excessive force on the Plaintiff on April 11, 2021;[3] that the Plaintiff filed a grievance addressing the use of force incident, which was captured on video; that Defendant Banks' incident report addressing the use of force was "falsified"; that Defendant Newton was "indifferent" when reviewing the use of force report and the attached evidence; that Defendants Newton and McGhee "signed off" on the falsified report; that all of the Defendants were deliberately indifferent to the Plaintiff's

---

[2] The Plaintiff names NCDPS in its official capacity, and the remaining Defendants in their official and individual capacities.

[3] The Plaintiff filed a separate action in this Court addressing incidents that allegedly occurred at the Marion CI, Case No. 1:21-cv-00068-MR. That action passed initial review on claims including the use of excessive force and retaliation by Sergeants Nathan Ingram and Benjamin Coffey on April 11, 2021; the Court exercised supplemental jurisdiction over the Plaintiff's related North Carolina assault and battery claims. [See 1:21-cv-68 Doc. 27]. These claims survived dispositive motions and remain pending. [Id. Doc. 134].

safety and mental health; that the supervisory Defendants failed to comply with prison procedures and they did not report the use of force to the Attorney General's Office; that NCDPS failed to provide adequate training and negligently hired staff; and that Defendants Stancil, Cheek, and Newton were negligent with regard to these incidents. [Id. at 10-11]. For injury, the Plaintiff claims:

> PLAINTIFF OBTAINED INJURIES TO HIS WRIST, NECK, SHOULDER, AND KNEE. PLAINTIFFS WRIST HAD DEVELOPED BENIGN CYSTS WHICH IS TRAUMA THAT DOESN'T HEAL CORRECTLY. THEN PLAINTIFF WAS MADE TO STAY AT THIS FACILITY FOR AN ADDITIONAL 18 MONTHS, AFTER PLAINTIFF RAISED VALID SAFETY ISSUES ABOUT BEING AROUND THE STAFF THAT ASSAULTED ME. PLAINTIFF DEVELOPED SERIOUS MENTAL HEALTH EFFECTS SUCH AS ANXIETY, DEPRESSION, TROUBLE SLEEPING, PLAINTIFF RAISE THESE ISSUES WITH MENTAL HEALTH SPECIALIST MR. MURPH WHILE HE WAS THERE BEFORE HE RETIRED. PLAINTIFF WAS ON EDGE THE WHOLE 18 MONTHS AFTER THIS HAPPENED NOT KNOWING FROM DAY TO DAY WHAT WOULD HAPPEN TO HIM.

[Id. at 12] (errors uncorrected). The Plaintiff seeks a declaratory judgment; injunctive relief, *i.e.,* that the "DEFENDANTS AGENCY PROVIDE TRAINING OF DE ESCALATION, TRAINING ON INTERVENTION, AND TRAINING ON HOW AND WHEN TO REPORT OFFICER MISCONDUCT" and the review of training practices by an outside agency; compensatory and

punitive damages; reasonable costs and attorney fees;[4] and all other relief that the Court deems just and proper. [Id.].

On September 23, 2024, the Court entered an Order informing the Plaintiff that his claims addressing the incidents of April 11, 2021 appeared to be barred by the applicable three-year statute of limitations, and granted him 30 days within which to file a memorandum explaining why his claims are timely. [Doc. 8]. He was cautioned that the failure to do so may result in the Complaint's dismissal as time-barred. [Id. at 3]. The Plaintiff has not filed a memorandum addressing the statute of limitations, and the time to do so has expired.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[4] The Plaintiff is presently unrepresented.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A. Parties

The Plaintiff purports to sue the NCDPS and the other Defendants, who are state officials, in their official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages

thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against NCDPS and against the remaining Defendants in their official capacities for damages do not survive initial review and will be dismissed.

Moreover, the Plaintiff's requests for declaratory and injunctive relief appear to be moot because the Plaintiff is no longer in NCDPS's custody. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Accordingly, the Plaintiff's claims for declaratory and injunctive relief are dismissed without prejudice.

**B.     April 11, 2021 Incidents**

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983

6

claims arising in North Carolina are limited by the three-year period for personal injury actions. See N.C.G.S. § 1-52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (the analogous state statute of limitations most appropriate for § 1983 actions is the limitations period for personal injury actions). "[W]hen a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well because '[i]n virtually all statutes of limitations the chronical length of the limitation period is interrelated with provisions regarding tolling….'" Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 116 (2013) (quoting Hardin v. Straub, 490 U.S. 536, 539 (1989)) (distinguishing actions in which there is no need to borrow a state's statute of limitations or tolling rules); see Leardini v. Charlotte-Mecklenburg Bd. of Ed., No. 3:09-cv-264-GCM, 2011 WL 1234732, at *2 (W.D.N.C. March 29, 2011) ("The Supreme Court has been clear that both the state's statute of limitations and the state's 'provisions regarding tolling, revival and equations of application' should be applied to § 1983 actions.").

The limitations period for a Section 1983 claim begins to run when the plaintiff has "a complete and present cause of action" – in other words, when he could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.

7

of Cal., 522 U.S. 192, 201 (1997)); see also CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014) ("North Carolina … has a statute of limitations that allows a person three years to bring suit for personal injury or property damage, beginning on the date that damage 'becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.'") (quoting N.C. Gen. Stat. § 1-52(16)).

Although a court generally cannot raise the statute of limitations sua sponte because a statute of limitations argument is an affirmative defense, Fed. R. Civ. P. 8, an exception to the general rule exists within the context of § 1915 review when the face of the complaint plainly reveals the existence of such defense. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953–54 (4th Cir. 1995).

Here, it is clear on the face of the Complaint that the incidents of April 11, 2021 occurred outside of the applicable three-year statute of limitations for § 1983 claims. The Court provided Plaintiff the opportunity to address the statute of limitations before applying this obvious time-bar, and he failed to comply. Accordingly, the Plaintiff's claims addressing incidents that are alleged to have occurred on April 11, 2021 are dismissed with prejudice as time-barred.

8

Case 1:24-cv-00112-MR   Document 9   Filed 11/05/24   Page 8 of 14

## C. Subsequent Incidents

The Plaintiff addresses incidents that are alleged to have followed the April 11th incident. For instance, the Plaintiff contends that the investigation into the force incident was mishandled, that the Plaintiff filed a grievance about the incident, and that various Defendants violated prison procedures by *inter alia* failing to refer the incident to the Attorney General. [Doc. 1 at 10-11]. These claims will be dismissed without prejudice because the Plaintiff has failed to plausibly allege the violation of any cognizable right.

First, the Plaintiff has no constitutional right to have the use of force incident investigated. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Savage v. County of Stafford, Va., 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document and investigate arrestee's alibi did not violate due process). Nor did the Plaintiff have any constitutional entitlement with regard to the prison's grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir.

1994); see Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("An inmate … cannot bring a § 1983 claim alleging denial of a specific grievance procedure"). While the Plaintiff also vaguely alleges that various Defendants violated prison policy, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

Accordingly, to the extent that the Plaintiff alleges that various Defendants violated his rights with regard to the investigation, his grievances, and prison policies after the alleged use of excessive force, such claims are dismissed without prejudice.

### D. Supervisory Liability

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior

10

does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

The Plaintiff appears to assert supervisory claims against various Defendants for failure to protect the Plaintiff "as a caretaker for NCDPS;" failure to ensure that prison policies and procedures are followed; failure to provide "de escalation training"; and "negligent hiring." [Doc. 1 at 7, 10-11]. These claims are too vague and conclusory to state a plausible claim for supervisory liability.[5] See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient);

---

[5] These claims also cannot proceed for the reasons discussed in Section A, *supra*.

11

Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); see also Williamson, 912 F.3d at 171. Moreover, none of the Plaintiff's underlying claims passed initial review and, therefore, the Plaintiff's supervisory claims necessarily fail. See Waybright v. Frederick Cnty., Md., 528 F. 3d 199, 203 (4th Cir. 2008) ("supervisors ... cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). The Plaintiff's supervisory claims are, therefore, dismissed without prejudice.

### E. North Carolina Claims

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's claims based on North Carolina law are dismissed without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff's claims addressing the incidents of April 11, 2021 and the claims for damages against the Defendants in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order.[6] Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's other filings. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Plaintiff's claims addressing the incidents of April 11, 2021 and the claims for damages against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**, and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

---

[6] Complaint forms are available on the Court's website at ncwd.uscourts.gov.

13

Case 1:24-cv-00112-MR    Document 9    Filed 11/05/24    Page 13 of 14

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

**IT IS SO ORDERED.** Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge